999 S.W.2d 562 (1999)
In the Interest of J.M.T., a child.
No. 10-98-286-CV.
Court of Appeals of Texas, Waco.
August 18, 1999.
Rehearing Overruled September 23, 1999.
Mark K. Morris, Waco, Lori Harkins, Hewitt, for appellant.
Steve Robertson, Robertson & Robertson, Clifton, for appellee.
Before: Chief Justice DAVIS, Justice VANCE and Justice GRAY.

MEMORANDUM OPINION
PER CURIAM.
This Court does not have jurisdiction of this appeal because a final judgment has not been signed. Accordingly we dismiss the appeal for lack of jurisdiction.
Only the procedural facts related to the signing of the judgment are relevant to the disposition of this appeal. They are as follows:
1. A judgment entitled "Order of Termination" was signed June 10, 1998.

*563 2. A second judgment entitled "Reformed Order of Termination" was signed on July 1, 1998.
3. On the face of the Reformed Order of Termination is the following hand written notation: "7-1-98 Set Aside later same date" which is signed by the trial court.
4. No judgment signed subsequent to July 1, 1998 appears in the record before this Court. There is nothing in the record to indicate that the judgment signed June 10, 1998 was revived.
By signing the second judgment during his plenary power the first judgment was vitiated. It is as if the trial court never signed the first judgment. There is no question that the trial court was fully within the period of its plenary power to sign a modified or reformed judgment when it signed the second judgment. Likewise, there is no question that the trial court had the power to "set aside" the second judgment. However, without a written order reviving the first judgment, it remained as if it had never been signed. Because another judgment has not been signed since the July 1, 1998 judgment was set aside, there is no final appealable judgment of the trial court from which an appeal can be taken. Wang v. Hsu, 899 S.W.2d 409 (Tex.App.Houston [14th Dist.] 1995, writ denied).
Accordingly, this appeal is dismissed for lack of jurisdiction.