Alvin Lee HARRISON, Appellant,

v.

TDCJ–ID and Kenneth
Green, Appellees.

No. 10–02–00247–CV.

Court of Appeals of Texas,
Waco.

March 24, 2004.

Alvin Lee Harrison, Rosharon, pro se.

Lee Haney, Charles K. Eldred, Assts. Attorney General, Austin, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

Alvin Lee Harrison filed suit against the Institutional Division of the Texas Department of Criminal Justice ("TDCJ") and Kenneth Green, then warden of TDCJ's Hughes Unit where Harrison was incarcerated. He requested injunctive relief against both defendants, a bench trial, and payment of his attorney's fees and expenses. Green filed an answer and participated in the litigation. TDCJ did not answer or otherwise appear.[1]

Green filed a motion to dismiss Harrison's suit under section 14.003 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003 (Vernon 2002). After a telephonic hearing, the court granted this motion. The court's order denies the injunctive relief requested by Harrison and grants Green's dismissal motion. However, the order does not make reference to Harrison's claims against TDCJ or TDCJ's status in the litigation. Because the order did not follow a conventional trial on the merits and does not purport to address Harrison's claims against TDCJ, it is not a final, appealable order. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex.2001).

Because there is no final judgment, Harrison's notice of appeal is premature. See TEX.R.APP. P. 27. Rule of Appellate Procedure 27.2 provides in pertinent part that an "appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Id. 27.2. The Supreme Court has indicated that abatement is the proper procedural mechanism by which to accomplish this. See Lehmann, 39 S.W.3d at 206 & n. 92 (citing TEX.R.APP. P. 27.2).

The dissent relies on State v. Morales, 869 S.W.2d 941, 949 (Tex.1994), as restricting our action at this point to dismissal for want of jurisdiction. We do not believe that the Morales decision requires dismissing this appeal, because:

● Morales predates Lehmann;

---

1. Green's motion to dismiss the suit says TDCJ was not served and did not voluntarily appear. Harrison's response suggests otherwise.

- The issue in *Morales* was subject-matter jurisdiction, not the finality of a judgment;
- *Morales* was a 5–4 decision;
- six of the justices who participated in *Morales* have left the court;
- Justice Hecht, who was in the majority in *Morales*, wrote the decision in *Lehmann*; Justice Enoch, who was in the majority in *Morales*, concurred in *Lehmann*; and Chief Justice Phillips, who joined the dissent in *Morales*, was in the majority in *Lehmann*.

Instead, we believe *Lehmann* provides express authority for the option we will exercise. *Lehmann*, 39 S.W.3d at 206.

It appears that the trial court intended to render a final judgment in Harrison's case. However, the record does not contain a final judgment. Accordingly, we abate this cause to the trial court for further consideration of this matter. If the court intended to render a final judgment, then it should enter an appropriate order to effectuate its intent.

The trial court shall, within thirty days after the date of this Order: (1) conduct a hearing if necessary; (2) make appropriate orders and findings of fact and conclusions of law; and (3) deliver any orders and findings of fact and conclusions of law to the trial court clerk.

The trial court clerk shall: (1) prepare a supplemental clerk's record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerk's record with the Clerk of this Court within forty-five days after the date of this Order.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

This is a case in which we have the opportunity to make what is clearly a policy decision for how our court will operate. These opportunities are rare. The issue to be decided is when it is clear that we do not have jurisdiction, should we abate the appeal so that some action may be taken that will give us jurisdiction or do we notify the parties that we question our jurisdiction, giving them the opportunity to respond and explain why we do have jurisdiction before the appeal is dismissed.

The answer, once clear, has been clouded by a recent line of cases which will be discussed later. But the jumping-off-point for this discussion must be what can a court do to decide if it has jurisdiction as distinguished from what can a court do once it decides it has no jurisdiction.

It has often been said that a court always has jurisdiction to determine its own jurisdiction. *See generally N.Y. Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677 (Tex.1990). *See also Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim.App.1996); *Garcia v. Comm'rs Court of Cameron County,* 101 S.W.3d 778, 779 (Tex.App.-Corpus Christi 2003, no pet.); *In re Washington,* 7 S.W.3d 181, 182 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding); *American Home Prods. Corp. v. Clark,* 999 S.W.2d 908, 911 (Tex.App.-Waco 1999)(Gray, J., dissenting), *aff'd* 38 S.W.3d 92 (Tex.2000). In this context, a court has the authority to order the parties, the lower court, the clerk, or the reporter to take certain actions to assist the court in deciding whether it has jurisdiction. *See* Tex. R.App. P. 43.6.

It is equally well-accepted that an order or judgment of a court without jurisdiction is void. *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990); *Jordan v. State,* 54 S.W.3d 783, 785 (Tex.Crim.App. 2001). And once a court determines that it has no jurisdiction, "its only legitimate choice is to dismiss." *State v. Morales,*

869 S.W.2d 941, 949 (Tex.1994); *see also El–Kareh v. Texas Alcoholic Beverage Comm'n*, 874 S.W.2d 192, 194 (Tex.App.-Houston [14th Dist.] 1994, no pet).

Recently, there has been confusion created by these two lines of authority.

Indeed, the majority would have the reader believe that the continued vitality of an opinion can be determined by reviewing who was on the court, who wrote the opinion, and what the current make-up of the court is. If that is where the judicial system is in relation to the concept of stare decisis, the judicial doctrine of precedent, then I understand why our credibility as an institution is under attack. I have no doubt that if a majority of the Texas Supreme Court were going to overrule *State v. Morales* in *Lehmann*,[1] given the thorough discussion of the issues, they would have expressly done so.

The misconception of my colleagues comes from the failure to differentiate between abating a case to *allow* the parties time to do something and, as part of abating a case, *ordering* a certain activity to occur. There is a very real distinction between these two courses of conduct. For if we have determined we have no jurisdiction, even to the point of so stating in the abatement order, anything we order someone to do is void. It has to be. We have no jurisdiction.

The other course of action is entirely supported by the precedent cited herein. We can abate the appeal and allow the parties time to take some action; some action that will result in giving us jurisdiction. The consequence of their failure to take the action that gives us jurisdiction is to dismiss the appeal.

DETERMINING JURISDICTION

Of course, as alluded to above, there is a third course of action applicable in some situations. When a court cannot determine, on the record presented, if it has jurisdiction, it can order that certain limited actions be taken so that the court can decide the question of its jurisdiction. This is precisely what this court has previously done which was validated by the Texas Supreme Court. In *American Home Products*, we were unable to determine, based upon the order appealed, whether it was a venue question over which we had no jurisdiction or a joinder of parties question over which we would have jurisdiction. *See American Home Products Corp. v. Clark*, 3 S.W.3d 57 (Tex. App.-Waco 1999, order). In this circumstance, we ordered the trial court to clarify the basis of the order so that we could decide the issue of our jurisdiction. *Id.* at 58. American Home Products complained to the Texas Supreme Court that our action was improper. *American Home Products Corp. v. Clark*, 38 S.W.3d 92 (Tex.2000). The Supreme Court disagreed, stating, "Here the court of appeals complied with Rule 44.4 in requiring the trial court to enter a *clarifying* order to allow a proper presentation of the appeal." *Id.* at 97 (emphasis added).

Thus, it is crucial to a proper analysis to determine whether, based on the record before us, we can determine we have jurisdiction of the case. If we are unable to make such a determination, we can render an order which will allow us to determine our jurisdiction.

But if we have determined we have no jurisdiction, we must then decide do we dismiss the appeal, after notice to the parties, or do we want to give the parties notice and the opportunity to cure the defect by abating the appeal. The answer is . . . it depends.

1. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191 (Tex.2001).

A perfect example of the use of an abatement is *Iacono*. *Iacono v. Lyons*, 6 S.W.3d 715 (Tex.App.-Houston [1st Dist.] 1999, order). In *Iacono*, the court of appeals determined it had no jurisdiction. The trial court had signed a partial summary judgment which disposed of the plaintiff's claim against one party. The plaintiff then non-suited the only other party. The court held that there was no final judgment until "... the trial court signs either an order granting the nonsuit or a final judgment explicitly memorializing the nonsuit." *Id.* at 716. Recognizing it had no jurisdiction to decide the issues presented, the court abated the appeal to *allow* the parties to cure the defect and put them on notice the appeal would be dismissed if not cured. *Id.*

Critical to the decision in this case is that the entire burden, expressly including the cost of the procedure, was placed on the party who was attempting to bring the appeal. The court stated,

> We retain continuing jurisdiction over this appeal, but we abate the appeal to give the appellant 60 days after the date of this order to take action to cure the jurisdictional defect and to pay for and request the district clerk to file a supplemental clerk's record containing a signed order granting the nonsuit or a signed final judgment that explicitly memorializes the nonsuit. If such supplemental clerk's record is not filed in this Court, we will dismiss the appeal for want of jurisdiction.

*Iacono*, 6 S.W.3d at 716.

### *LEHMANN* AND PERMISSIVE ABATEMENT

The majority cites only *Lehmann* and Rule 27.2 of the Texas Rules of Appellate Procedure as authority to abate an appeal. But they fail to follow the teaching of *Lehmann*.

The reader will note that there is no equivocation or uncertainty in the determination that the order is not a final judgment. The majority states, "... it is not a final, appealable order." Without question, the majority knows there is no appealable order in this case. The majority cites *Lehmann* as authority for their decision to abate this appeal. They tell the reader, "The Supreme Court has indicated that abatement is the proper procedural mechanism by which to accomplish this." The word "this" is in reference to their claim that the Supreme Court has indicated abatement is the proper procedure to allow the trial court to make its order final.

Specifically, for their support, the majority sends the reader to page 205 and footnote 92 of *Lehmann*. On page 205, I find, after a discussion of why Federal Rule of Procedure 58 has not proven to be a viable solution to this problem, only a discussion of how to determine the intent of the order; discussion that when applied to our facts leads to the unmistakable conclusion that our judgment is not final. Abatement is never mentioned. And just as we are about to turn the page to 206 of *Lehmann*, the Supreme Court begins a discussion that is somewhat helpful to our determination that the order is not final. The Court states:

> To determine whether an order disposes of all pending claims and parties, it may of course be necessary for the appellate court [turn the page to 206] to look to the record in the case. Thus, in the example just given, if the record reveals that there is only one plaintiff and only one defendant, X, the order is final, *but if the record reveals the existence of parties or claims not mentioned in the order, the order is not final.* On the other hand, an order that expressly disposes of the entire case is not interlocutory merely because the record fails to

show an adequate motion or other legal basis for the disposition. The record may help illumine whether an order is made final by its language, so that an order that all parties appear to have treated as final may be final despite some vagueness in the order itself, while an order that some party should not reasonably have regarded as final may not be final despite language that might indicate otherwise.

*Lehmann,* 39 S.W.3d at 205–206 (emphasis added).

But the most pertinent statement to our discussion here comes from the next paragraph. We are told that, after looking at all the available documents in the manner discussed in the preceding paragraphs, "If the appellate court is *uncertain* about the *intent of the order,* it can abate the appeal to permit *clarification* by the trial court." *Id.* at 206 (emphasis added). It is at this point that the *Lehmann* court, by footnote 92, refers the reader to Rule 27.2 of the Texas Rules of Appellate Procedure. In this single sentence there are at least three indications that the situation in our case is not an appropriate one in which to abate.

First, as I indicated above, we are not uncertain. In fact, we all three agree the intent of the order is not to render a final order which would be appealable. We all three agree it is not a final judgment. We all three agree that under the existing state of the record we do not have jurisdiction of the interlocutory order of which a complaint is made.

Second, we do not need clarification of the order to determine our jurisdiction. We are not abating this case so that the trial court can clarify its order which is the only procedure discussed in connection with abatement in *Lehmann* wherein, at footnote 92, it references Rule 27.2.

And finally, note the distinction as to what intent is important. It is the intent of the order that must be uncertain, needing clarification, not the intent of the trial court. We are abating this case to the trial court so that the trial court may take some further action, to render an additional order, if it wants to, that would then give this court jurisdiction. We are not abating this case because we are uncertain about the intent of the order or for the trial court to clarify it.

The majority simply ignores the language in *Lehmann* that "if the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final." *Lehmann,* 39 S.W.3d at 206. Of course, in our situation, the order is clear and unequivocal that *no* final judgment was intended.

—**After *Lehmann***

The majority fails to discuss the line of cases on this issue which has developed after *Lehmann.* In *McNally,* the Supreme Court determined, based upon the face of the judgment, it did not appear final, and because, upon examination of the record, it did not dispose of one of the claims between the parties, it was not a final judgment. *McNally v. Guevara,* 52 S.W.3d 195, 196 (Tex.2001). The Court remanded the appeal to allow the court of appeals "... to determine whether to abate the appeal to *permit* the trial court to render a final judgment, TEX.R.APP. P. 27.2, or to dismiss the appeal for want of jurisdiction." *Id.* (emphasis added). I note that nowhere is it suggested that the court could *order* the trial court to make the judgment final.

Then came *American Motorists. American Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801 (Tex.2001). Again the Court articulated the permissive nature for the opportunity to cure, if curable, a jurisdic-

tional defect. In the words of the Supreme Court:

> If a claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed; but if the impediment to jurisdiction could be removed, then the court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured.

*Id.* at 805. While the majority is critical of my citation to *State v. Morales,* note the post-*Lehmann, American Motorists* Court relies on cases even older than *Morales* for this same fundamental principle. *Id.* (citing *Speer v. Stover,* 685 S.W.2d 22, 23 (Tex.1985) and *Texas Highway Dept. v. Jarrell,* 418 S.W.2d 486, 488 (Tex.1967)).

And in *Subaru,* in reliance on *American Motorists,* the Supreme Court again gave us guidance that we *can* abate to allow the trial court a reasonable opportunity to cure a jurisdictional problem. *Subaru of America, Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 228 (Tex.2002).

ABATE OR DISMISS

I find two recent cases from Corpus Christi extraordinarily thoughtful and well reasoned on this issue. *Parks v. DeWitt County Elec. Co-op., Inc.,* 112 S.W.3d 157 (Tex.App.-Corpus Christi 2003, no pet.); *Garcia v. Comm'rs Court of Cameron County,* 101 S.W.3d 778 (Tex.App.-Corpus Christi 2003, no pet.). Each case goes through the analysis that we should to determine if the proper disposition would be to abate the appeal so that the judgment may be made final or be dismissed.

*Parks* conducts an excellent analysis of the circumstances under which an appeal should be abated rather than dismissed. But it draws the line on an abatement if the trial court's action necessary to render a final judgment is more than ministerial. The court's full discussion under its heading, "Disposition," is as follows:

In *Lehmann,* the supreme court stated that if an appellate court is uncertain about the intent of a summary judgment order, it can abate the appeal to permit clarification by the trial court. *Lehmann,* 39 S.W.3d at 196. In *McNally,* the supreme court remanded to the court of appeals to determine whether to abate or dismiss the appeal for want of jurisdiction. *McNally,* 52 S.W.3d at 196. In determining whether to abate or dismiss, we note that a court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. TEX. R. APP. P. 44.3. An appellate court also is prohibited from affirming or reversing a judgment or dismissing an appeal if the trial court's erroneous action or inaction prevents the proper presentation of an appeal and can be corrected by the trial court. TEX. R. APP. P. 44.4(a). Further, rule 27.2 provides that "the appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." TEX. R. APP. P. 27.2.

Abatement of an appeal pursuant to rule 27.2 occurred in *Iacono v. Lyons,* 6 S.W.3d 715 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (per curiam). In that case, the trial court signed a partial take-nothing summary judgment, and the next day the plaintiff nonsuited the other defendant. *Id.* at 716. The trial court did not enter an order of nonsuit. *Id.* The court of appeals noted that ordinarily, no order of nonsuit is required because a party is entitled to nonsuit on filing. *Id.* However, the court went on to hold that when a nonsuit is filed after

a partial summary judgment has been signed, the judgment is not final on its face and does not become final until the trial court signs either an order of nonsuit or a final judgment explicitly memorializing the nonsuit. *Id.* Because the trial court's action of signing an order or final judgment was ministerial, the appellate court abated the appeal and remanded to the trial court for sixty days to cure the jurisdictional defect, which if not accomplished would result in dismissal for lack of jurisdiction. *Id.*

Here, rather than a ministerial act, disposition of the Cooperative's counterclaim for attorney fees may involve an evidentiary proceeding and further rulings of the trial court, including a determination of whether the Cooperative has waived its counterclaim, from which decisions the parties will have an opportunity to appeal. Determination of the issues associated with a claim for attorney fees brought as a statutory counterclaim requires more than the determination of "perfunctory issues which can be procedurally cured by the trial court entering a clarifying or similar order." *Garcia v. Comm'rs Court of Cameron County, Tex.*, 101 S.W.3d 778, 786 (Tex. App.-Corpus Christi 2003, no pet. h.). We do not construe rules 27.2, 44.3, or 44.4(a) as conferring authority on an appellate court to abate an appeal while a statutory counterclaim and associated waiver issues are resolved by the trial court. *Id.* We have no authority to abate. Dismissal is required. *El–Kareh*, 874 S.W.2d at 194.

*Parks*, 112 S.W.3d at 163–164.

—**In This Case, Dismiss**

When I apply the rationale of *Parks* to this case, it is clear that dismissal, rather than abatement, is appropriate.

There is no indication in the judgment or record as to how the trial court plans to dispose of the claims against TDCJ–ID. TDCJ–ID has filed no dispositive motion. If the trial court determined the claim was frivolous, it could, under the unique provisions of Chapter 14, dismiss the claim. TEX. CIV. PRAC. & REM.CODE ANN. § 14.03 (Vernon 2002). But if the trial court intended to do that, it could already have done so. It has not. In any event, a dismissal by the trial court is certainly not a ministerial act. It involves the studied discretion of the trial court. Accordingly, at this level, "[d]ismissal is required." *Parks*, 112 S.W.3d at 164.

And in regard to having the trial court take some additional action that would give us jurisdiction versus clarification, the Seventh Court of Appeals in Amarillo recently dealt with a similar issue. The last sentence of the court's opinion is instructive. The court stated: "Thus, if judgment was never rendered, the parties cannot cause it to now be rendered and included within the supplement[al] [record]." *Hawa v. Metropolitan Life Ins. Co.*, No. 07–03–0068–CV, 2004 WL 64850, at *2, 2004 Tex. App. LEXIS 424, at *4 (Amarillo, January 13, 2004, no pet. h.). As applied to this case, if a final appealable order was not rendered before the appeal was taken, the trial court should not be allowed to render it now just to give us jurisdiction.

I am also mindful of the Supreme Court's concern, expressed in *Lehmann*, that an ". . . order must be read in light of the importance of preserving a party's right to appeal." *Lehmann*, 39 S.W.3d at 206. In this case, the complaining party is not prejudiced if we simply dismiss this appeal for want of jurisdiction. When the trial court resolves the remaining issues, if any party desires to complain about the actions of the trial court, that party can bring a proper and timely appeal of the

final judgment of the trial court. We should not have this case pending in this court that we cannot resolve while we wait for the trial court to take some further action that will allow us to have jurisdiction of the appeal.

WHY?

The reader may ask: Isn't this much-to-do about nothing? Why not simply let this order go? What is the harm?

This is a recurring issue. We currently have several other cases with this procedural issue. At this snap-shot in time, that means multiple abatement orders; multiple abated cases for us to track to see if the judgment is made final; multiple cases to reinstate if the judgment is made final; multiple appeals to revisit, and if no trial court action is taken, find out why. And if the order appealed from is not made final by some additional act, how long should we wait? Should we abate again? How many opportunities to make the order final should we allow? And finally, if ultimately the trial court says: "No. The order really means just what it says, and as you have already determined, it really is not final, and no, I do not intend to take any action now that would make it final."; we will then be right back where were are now, more cases to dismiss for want of jurisdiction because we lack a final judgment.

And what about the extra work on the trial court, the clerk, and the court reporter? As a result of this abatement order they all have more work to do. Unnecessary work. We have the opportunity here to avoid burdening the state and county budget with an unnecessary hearing, transcription of that hearing, and preparing and sending the supplemental records to us. This is avoidable cost.

We have a very simple letter that we have historically used when we raise the issue of jurisdiction on our own motion. We use the letter for compliance with Rule 42.3 so that we may then dismiss the appeal for want of jurisdiction. TEX.R.APP. P. 42.3(a). In the letter from the clerk, the reason we are questioning our jurisdiction is noted and the parties are told that unless they can explain to us why we have jurisdiction of their case, the appeal will be dismissed. The letter also gives them a deadline by which to respond. The savvy litigant may, realizing we have no jurisdiction, get the trial court to render an order that will make the judgment final which can be made part of the record and we can go forward. The burden and the expense is on the party seeking to invoke our jurisdiction. That notice letter is all we need to do here. That is all that is necessary at this juncture. That is what I would do in this case. That is what this court has done before in identical circumstances. *See In re J.M.T.*, 999 S.W.2d 562 (Tex.App.-Waco 1999, no pet.). And *J.M.T.* was decided by this court after *Lehmann.* We used this very procedure in March of this year. *Dorsey v. Johnson*, Nos. 10–03–00261–CV & 10–03–00301–CV, 2004 WL 575395 (Tex. App.-Waco March 17, 2004, no pet. h.).

Further, after we have dismissed the appeal, if the litigants go back to the trial court and in short order come back to this court with a final appealable judgment, we have a very efficient procedure which saves the litigants the cost of having a new record and new briefs prepared. *See In re J.M.T.*, Nos. 10–98–286–CV & 10–99–276–CV (Tex.App.-Waco 1999, order) (not designated for publication).[2] We simply order everything moved from the first appeal, over which we had no jurisdiction, to the new appeal, in which we do have jurisdiction. The advantage of this procedure is that no internal resources are consumed

---

2. The order is attached as an appendix.

by trying to keep track of these abated cases. There is no delay or uncertainty while we are waiting for the trial court to possibly take some action that will make the judgment final. In short, it brings certainty to the procedural posture of the case.

There is no need to abate this appeal. We know we have no jurisdiction. Thus, I respectfully dissent from the abatement order.

APPENDIX

## IN THE TENTH COURT OF APPEALS

No. 10–98–286–CV

&

10–99–276–CV

## IN THE INTEREST OF J.M.T., A CHILD

From the 220th District Court

Bosque County

Trial Court # 98–02–02798–BCFM

## ORDER ON MOTION FOR REHEARING

The appeal in cause number 10–98–00286–CV was dismissed because we did not have jurisdiction. No final judgment had been signed from which the appeal could be taken. After the dismissal the trial court signed a judgment, which appears to be final and appealable. The appellant has filed a motion asking us to reconsider our judgment dismissing the appeal.

The only issue that we can reconsider is whether our original determination that we did not have jurisdiction was correct. The propriety of our prior opinion remains unchallenged. Accordingly, we deny the motion for reconsideration.

By filing the motion for reconsideration the appellants have expressed their intent and continued desire to appeal the trial court's judgment. They filed a notice of appeal before there was a final appealable judgment. Although it was a premature notice of appeal, the notice of appeal invokes our jurisdiction to consider the complaints regarding the judgment signed on September 1, 1999, after the notice of appeal was actually filed. Tex.R.App. Pro. 27.1(a) Because the earlier appeal has already been properly dismissed, the prematurely filed notice of appeal will create a new and different appeal from the judgment signed September 1, 1999.

We will also treat all other filings "... as relating to an appeal of that order [the trial court's judgment] and give them effect as if they had been taken after the order was signed." Tex.R.App. Pro. 27.2. We will order the transfer of all appropriate filings to a new cause number for the new appeal.

Accordingly, the Clerk of this court is hereby ordered to file-mark and transfer the original notice of appeal filed in cause number 10–98–00286–CV to a new appeal numbered 10–99–00276–CV. Additionally, the Clerk of this court is ordered to immediately send a copy of the notice of appeal, with the newly designated appellate cause number to the District Clerk of Bosque County. Tex.R.App. Pro. 25.1(a) Finally, the Clerk of this court is ordered to transfer the clerk's record, the reporter's record, all briefs and other filings in cause number 10–98–00286–CV, other than our opinion, the motion for rehearing, and a copy of this order, to cause number 10–99–00276–CV.

Cause number 10–99–00276–CV will be submitted on the record and briefs that are already filed and ordered transferred to the new appeal. The district clerk is ordered to supplement the record in 10–99–00276–CV within 10 days of this order

with a copy of the judgment dated September 1, 1999.

PER CURIAM