IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00047-CV

 

GMAC Commercial Finance, LLC,

                                                                      Appellant

 v.

 

Humboldt Wedag, Inc.,

                                                                      Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 65034

 



MEMORANDUM  Opinion



 








          GMAC Commercial Finance, LLC and
Humboldt Wedag, Inc. filed competing summary judgment motions in the trial
court.  The court granted Humboldt Wedag’s and denied GMAC’s.  GMAC then
perfected this appeal.  However, the issue of GMAC’s request for attorney’s
fees has not yet been resolved by the trial court.  Accordingly, no final,
appealable judgment has been rendered as of this date.  Thus, Humboldt Wedag
has filed a motion to dismiss the appeal.

          With some exceptions not applicable
here, “an appeal may be taken only from a final judgment.”  Sultan v. Mathew,
178 S.W.3d 747, 751 (Tex. 2005) (quoting Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001)).  “A judgment is ‘final’ for purposes of appellate
jurisdiction if it disposes of all issues and parties in a case.”  Id. (quoting Street v. Second Court of Appeals, 756 S.W.2d 299, 301 (Tex. 1988) (orig. proceeding)).  Because no final judgment has been rendered in this case,
we do not have jurisdiction.

          The Clerk of this Court notified the
parties that the appeal
is subject to dismissal for want of
jurisdiction because no final judgment has been rendered.  See Tex. R. App. P. 42.3(a).  In response, GMAC asks that the appeal be abated until
the attorney’s fee issue is resolved by the trial court.  GMAC relies on this
Court’s decision in Harrison v. Texas Department of Criminal Justice to
support this request.  134 S.W.3d 490 (Tex. App.—Waco 2004, order) (per curiam). 
In that case however, the trial court’s intent to render a final judgment was
apparent from the record.  Id. at 492.

          Here, it is undisputed
that the issues of attorney’s fees remains unresolved by the trial court. 
Thus, the trial court’s plenary power has not expired, and the court could in
fact set aside its prior summary judgment ruling.  Regardless, it is clear from
the record that the trial court has not rendered a final judgment. 
Accordingly, we do not have jurisdiction.  See Sultan,
178 S.W.3d at 751.

          Therefore, we grant Humboldt Wedag’s
motion and dismiss the appeal for want of jurisdiction.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed May 10, 2006

[CV06]