COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                        NO.
2-06-462-CV

 

KAREN HUBBARD-JOWERS                                                   APPELLANT

 

                                                   V.

 

STARFIRE ENTERPRISES, LTD.                                                 APPELLEE

 

                                              ------------

 

            FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Karen
Hubbard-Jowers=s notice of
appeal indicates that she is attempting to appeal from the trial court=s orders Arendered on
or about December 19, 2006, concerning the issuance and enforcement of a writ
of sequestration, failure to dissolve writ of sequestration, and/or failure to
dismiss for want of subject-matter jurisdiction.@  However, the trial court clerk
has informed this court that no written orders have been signed.








A trial court=s oral pronouncement is not an acceptable substitute for a written
order.  Emerald Oaks Hotel/Conference
Ctr., Inc. v. Zardenetta, 776 S.W.2d 577, 578 (Tex. 1989) (orig.
proceeding); McCormack v. Guillot, 597 S.W.2d 345, 346-47 (Tex. 1980)
(orig. proceeding).  Accordingly,
appellant=s notice of
appeal is premature.  See Tex. R. App. P. 26.1, 27.1(a); Harrison
v. TDCJ-ID, 134 S.W.3d 490, 491 (Tex. App.CWaco 2004, order).  A
prematurely filed notice of appeal is not effective until the appellate
deadline is triggered and therefore does not vest this court with jurisdiction
over the appeal.  See Tex. R. App. P. 25.1(b), 27.1(a); see also Ex parte Wiley, 949 S.W.2d
3, 4 (Tex. App.CFort Worth
1996, no pet.) (dismissing appeal from trial court=s oral denial of motion to dismiss and application for habeas relief
for want of jurisdiction).

On December 28, 2006, we
notified appellant that the appeal was subject to dismissal for want of jurisdiction
and gave appellant twenty days to correct this defect in the record.  See Tex.
R. App. P. 44.3, 44.4(a)(2). 
Appellant has not tendered or filed any signed orders from the trial
court.  Accordingly, we dismiss this
appeal for want of jurisdiction.  See
Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

 

PANEL
D:   LIVINGSTON, DAUPHINOT, and HOLMAN,
JJ.

 

DELIVERED:
February 8, 2007











[1]See Tex.
R. App. P. 47.4.