IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00055-CV

 

Donald Ray McCray,

                                                                                    Appellant

 v.

 

STEPHEN W. ALLEE, et al,

                                                                                    Appellees

 

 



From the 12th District Court

Walker County, Texas

Trial Court No. 23416

 



MEMORANDUM  Opinion



 

In Cause No. 10-06-00279-CV, on February 7, 2007, this Court
dismissed Appellant Donald McCray’s appeal.  McCray v. Allee, No.
10-06-00279-CV, 2007 WL 416412 (Tex. App.—Waco Feb. 7, 2007, no pet.).  In that
appeal the complained-of order was the trial court’s August 3, 2006 order
declaring McCray to be a vexatious litigant and requiring him to furnish $1,000
as security by February 1, 2007.  Because McCray’s cause in the trial court had
not yet been dismissed and the August 3, 2006 order was not an appealable
interlocutory order, we dismissed McCray’s appeal in Cause No. 10-06-00279-CV
for lack of jurisdiction.  See id.

On February 26, 2007, McCray’s notice of appeal in the same trial
court cause (No. 23416) was filed and docketed in this Court as No.
10-07-00055-CV.  We requested and have received a supplemental clerk’s record
in Cause No. 23416, and it contains an August 31, 2006 order vacating the
complained-of August 3, 2006 order.  The supplemental clerk’s record contains
no final judgment or order of dismissal.

In our January 18, 2008 letter, we notified
McCray that this court may not have jurisdiction over this appeal because it
appears that there is not an appealable interlocutory order or a final judgment
in this case.  See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2007) (listing types of interlocutory orders that are appealable); see, e.g., Phillips
v. Phillips, 2004 WL 2903519 (Tex. App.—Houston [1st Dist.] Dec. 16, 2004,
no pet.) (dismissing interlocutory appeal of order declaring plaintiff a
vexatious litigant).  We stated that the appeal might be dismissed for want of
jurisdiction unless McCray filed with the court within twenty-one days a
response showing grounds for continuing the appeal.  McCray has filed a response, but it fails to show grounds for
continuing the appeal.  Because there is not an appealable order or a final
judgment, we dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).




PER CURIAM

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

(Chief
Justice Gray concurs in the judgment with a note as follows:  As described in
my note to an order rendered in this proceeding on September 12, 2007, I would
have dismissed this proceeding a long time ago.)

Appeal dismissed 

Opinion delivered and filed
March 12, 2008

[CV06]






LL>

No. 10-04-00029-CV

 

Texas MRG, Inc.,

                                                                      Appellant

 v.

 

Shannon Schunicht,

                                                                      Appellee

 

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 03-000481-CV-85

 



ABATEMENT ORDER



 








          Shannon
Schunicht filed a declaratory judgment suit against Marshall Hussain and Texas
MRG, Inc, a/k/a Texas Mortgage and Real Estate Group, Inc.  Because no answer was filed by either party,
Schunicht obtained a default judgment against both parties.  Hussain and Texas MRG both filed motions for
new trial.  The trial court denied Texas
MRG’s motion for new trial and granted Hussain’s motion for new trial on the
basis that Hussain was in bankruptcy at the time the default judgment was
granted.  Texas MRG appeals.








          Because
the granting of Hussain’s motion for new trial made the default judgment an
interlocutory order, the judgment is not final. 
The Clerk of this Court notified Texas MRG that the appeal was subject
to dismissal and that the appeal would be dismissed for want of jurisdiction if
a response was not filed showing grounds for continuing the appeal.  Texas MRG and Schunicht filed a joint motion
to abate claiming that the parties intended but overlooked having an order of
severance signed.

          Rule
of Appellate Procedure 27.2 states that an “appellate court may allow an
appealed order that is not final to be modified so as to be made final and may
allow the modified order and all proceedings relating to it to be included in a
supplemental record.”  Tex. R. App. P. 27.2.  Therefore, the parties’ joint motion to abate
is granted, and we abate this appeal.  See Lehmann v. Har-Con Corp., 39 S.W.3d
191, 205 (Tex.
2001); Harrison v. TDCJ-ID, 134
S.W.3d 490, 491 (Tex. App.—Waco 2004, no pet.); Iacono v. Lyons, 6 S.W.3d 715, 716-17 (Tex. App.—Houston [1st
Dist.] 1999, order).

          Texas
MRG has 30 days after the date of this order to take action to cure the
jurisdictional defect and to request and pay for the district clerk to file a
supplemental clerk's record containing a signed order granting the severance or
a signed final judgment that explicitly memorializes the severance.  See Iacono,
6 S.W.3d at 716-17.  If such supplemental
clerk’s record is not filed in this Court, we will dismiss the appeal for want
of jurisdiction.

                                                                             PER
CURIAM 

 

Before Chief Justice
Gray, 

          Justice Vance, and 

          Justice Reyna 

(Chief Justice Gray
dissents with a note:  I would dismiss
the appeal for want of jurisdiction.)

Appeal abated

Order issued and filed
May 25, 2005

Do not publish