WITHDRAWN 7-23-15
REISSUED 7-23-15



IN THE
TENTH COURT OF APPEALS

_____

No. 10-14-00349-CV

ROBERT WILLIAMS,
                                                                    Appellant

 v.

RUSSELL PARKER, INDIVIDUALLY AND
HEIR OF LAWANNA KEETH,

                                                                    Appellee

_____

From the 249th District Court
Johnson County, Texas
Trial Court No. C201100640

_____

MEMORANDUM OPINION

_____

Robert Williams sued Russell Parker, individually and as heir of Lawanna Keeth,

for injuries Williams sustained in an accident with Keeth and in which Keeth died.

Williams also sued Anita Bennett, individually and as heir of Keeth.  Parker and

Bennett filed separate answers to Williams' lawsuit.  They also filed separate motions

for summary judgment.  The trial court granted Parker's motion for summary judgment

and Williams appealed. According to the record before us, Bennett's motion remains pending.

By letter dated May 27, 2015, the Clerk of this Court notified Williams that his appeal was subject to dismissal because it appeared that the trial court's order granting Parker's motion for summary judgment was not a final, appealable order because it did not appear to dispose of Williams' claims against Bennett. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 205 (Tex. 2001). In the same letter, Williams was warned that the Court would dismiss the appeal unless, within 21 days from the date of the letter, a response was filed showing grounds for continuing the appeal. Williams filed a response contending that the trial court's order was final; and if it was not, requesting an abatement so that he could request the trial court to clarify its judgment.

An appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). To be final for purposes of appeal, a judgment must dispose of all issues and parties in a case. *Sultan v. Mathew*, 178 S.W.3d 747, 751 (Tex. 2005). From the record before us, it is clear that the trial court's order was meant to dispose of only Parker's motion for summary judgment, not Bennett's. There is nothing in the record to show that Williams' claims against Bennett have been disposed of.

Because the trial court's ruling on Parker's motion for summary judgment does not dispose of all the parties and issues, we have no jurisdiction of this appeal. Further, because it is clear from the record before us that we have no jurisdiction of this appeal,

we do not believe it is appropriate to abate this appeal as requested by Williams. *See GMAC Commer. Fin., LLC v. Humboldt Wedag, Inc.*, No. 10-06-00047-CV, 2006 Tex. App. LEXIS 4033 (Tex. App.—Waco May 10, 2006, no pet.) (memo. op.). *See also Harrison v. TDCJ-ID*, 134 S.W.3d 490, 492-499 (Tex. App.—Waco 2004, order) (Gray, C.J., dissenting).

Accordingly, this appeal is dismissed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
Appeal dismissed
Opinion delivered and filed June 25, 2015
[CV06]

