

NUMBER 13-15-00052-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ALBERTO R. GARZA, AND
LETICIA GARZA,                                              Appellants,

v.

BURCH CONSTRUCTION,                                        Appellee.

---

**On appeal from the 92nd District Court
of Hidalgo County, Texas.**

---

# ORDER OF ABATEMENT

**Before Justices Rodriguez, Garza, and Longoria
Order Per Curiam**

Appellants Alberto and Leticia Garza filed suit against Burch and several other parties for damages related to the flooding of the Garzas' home.  On April 15, 2014, Burch filed a counterclaim for attorney's fees.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West, Westlaw through Chapter 46, 2015 R.S.).  On May 16, 2014, the trial court

granted a summary judgment disposing of the Garzas' individual claims against Burch. On November 25, 2014, the trial court granted Burch's motion to sever appellant's claims against it and Burch's counterclaim for attorneys' fees. Burch argues that the summary judgment that the Garzas are appealing is not final because it did not dispose of all claims. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 200 (Tex. 2001) ("A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final."). Specifically, Burch asserts that the summary judgment disposed of the Garzas' claims against Burch but did not dispose of Burch's counterclaim for attorney's fees.

We agree with Burch that the judgment would not be final if it is true that the trial court did not dispose of the counterclaim for attorney's fees. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (holding that a summary judgment that did not dispose of a defendant's counterclaim for attorney's fees was not a final, appealable judgment). However, we are unclear as to the finality of the summary judgment. Nothing in the record seems to indicate that the trial court intended to deny defendant's claim for attorney's fees but the order does appear like a final order. *See id.*

The Texas Supreme Court has held that this type of case can be abated. *See Lehmann,* 39 S.W.3d at 200; *id.* Texas Rule of Appellate Procedure 27.2 provides that appellate courts "may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Tex. R. App. P. 27.2. Accordingly, we ABATE this appeal for the trial court to sign an order clarifying its intent. The order should: (1) explain whether the court intended its order of May 16, 2014 to be a final and appealable

judgment that disposes of all claims and all parties and, if so, (2) modify the May 16, 2014 order to make that intention clear and explicitly dispose of the counterclaim for attorneys' fees. *See Harrison v. TDCJ-ID*, 134 S.W.3d 490, 492 (Tex. App.—Waco 2004, order) (per curiam) ("If the court intended to render a final judgment, then it should enter an appropriate order to effectuate its intent."). However, if the trial court did not intend to dispose of Burch's counterclaim for attorney's fees, then that claim needs to be resolved before this appeal can proceed. *See McNally*, 52 S.W.3d at 196. A supplemental clerk's record containing an additional or modified order disposing of the counterclaim shall be filed with the clerk of this court within thirty days of the date of this order. If the trial court elects to hold a hearing, a reporter's record shall be filed with the clerk by the same date. If the trial court needs more time, it should notify this Court before the end of the thirty day period. The appeal will be reinstated only on further order of this Court.

It is so ORDERED.

PER CURIAM

Delivered and filed the
1st day of September, 2015.

3