**UNITED STATES FIRE INSURANCE COMPANY'S and National Union Insurance Company of Pittsburgh, Pennsylvania, Appellants,**

v.

**Coy GNADE, et al., Appellees.**

**Nos. 10–03–00289–CV, 10–04–00075–CV.**

Court of Appeals of Texas, Waco.

March 31, 2004.

pleadings.

---

5. This is the amount of damages which GECAL sought from Gulf States Petroleum in its

David Allen Furlow, Thompson & Knight, Houston, TX, Harrison H. Yoss, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, TX, for Appellants.

David Broiles, Kirkley Berryman & Broiles, Ft. Worth, TX, Randall K. Hill and Jack F Gilbert, Austin, TX, for Appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### ABATEMENT ORDER AND MEMORANDUM OPINION

PER CURIAM.

United States Fire Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pennsylvania jointly perfected an appeal which the Clerk of this Court docketed under cause number 10–03–00289–CV.

National Union has settled with Appellees, and these parties have filed an agreed motion to dismiss under Rule of Appellate Procedure 42.1(b). *See* Tex.R.App. P. 42.1(b). The parties to this agreed motion request that costs be taxed against the party incurring same. *Id.* 42.1(d). Accordingly, we hereby order that portion of the appeal which seeks review of the judgment rendered against National Union severed from our cause number 10–03–00289–CV and docketed under cause number 10–04–00075–CV. The appeal in cause number 10–04–00075–CV is dismissed with costs taxed against the party incurring same.

■ The trial court's judgment does not dispose of all the claims before that court because the judgment expressly omits Appellees' claims for declaratory relief. Accordingly, the Clerk of this Court notified the parties that this appeal appears subject to dismissal for want of jurisdiction. In response, Appellees non-suited their claims for declaratory relief. However, the trial court has not signed an order dismissing the non-suited claims.

■ "Appellate timetables do not run from the date a nonsuit is filed, but rather from the date the trial court signs an order of dismissal." *In re Bennett,* 960 S.W.2d 35, 38 (Tex.1997) (orig.proceeding); *accord Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495, 496 (Tex.1995); *In re T.G.,* 68 S.W.3d 171, 175 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). Because the trial court has not signed an order dismissing Appellees' non-suited claims, the record does not contain a final, appealable judgment. *See id.*

■ Because there is no final judgment, United States Fire's notice of appeal is premature. *See* Tex.R.App. P. 27. Rule of

Appellate Procedure 27.2 provides in pertinent part that an "appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." *Id.* 27.2. The Supreme Court has indicated that abatement is the proper procedural mechanism by which to accomplish this. *See Lehmann,* 39 S.W.3d at 205 & n. 92 (citing Tex.R.App. P. 27.2); *Harrison v. TDCJ–ID,* 134 S.W.3d 490, 491, No. 10–02–00247–CV, 2004 WL 585415, slip op. at 2, 2004 Tex. App. LEXIS 2719, at * 2 (Tex.App.-Waco Mar. 24, 2004, order).

It appears that the trial court intended to render a final judgment in this case. However, the record does not contain a final judgment. Accordingly, we abate this cause to the trial court for further consideration of this matter. If the court intended to render a final judgment, then it should enter an appropriate order to effectuate its intent.

The trial court shall, within thirty days after the date of this Order: (1) conduct a hearing if necessary; (2) make appropriate orders and findings of fact and conclusions of law; and (3) deliver any orders and findings of fact and conclusions of law to the trial court clerk.

The trial court clerk shall: (1) prepare a supplemental clerk's record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerk's record with the Clerk of this Court within forty-five days after the date of this Order.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

Here we go again, as I knew we would in *Harrison. See Harrison v. TDCJ–ID,* 134 S.W.3d 490, No. 10–02–00247–CV (Tex. App.-Waco March 24, 2004, order).

Until we have jurisdiction of an appeal, unless we are entering an order for the purposes of assisting us in determining our jurisdiction, any order we render is void. Thus, the severance order is void. Likewise, our orders to the trial court and to the trial court clerk are void.

I will not repeat here what the proper procedure is when we have been able to fully determine our lack of jurisdiction based upon the record before us. I have exhaustively discussed that in the dissenting opinion in *Harrison. Harrison v. TDCJ–ID,* 134 S.W.3d 490, No. 10–02–00247–CV (Tex.App.-Waco March 24, 2004, order)(Gray, C.J., dissenting). But until the precedential value of that opinion is determined, I must continue to note my dissent. I will note that we put these parties in a state of uncertainty by following this procedure, especially since we attempt to split their case into two parts when they apparently have attempted to settle it as one.

But I also write to stress the confusion that is created by the Court's failure to follow its own precedent. Before the ink is dry on one opinion, we render a totally contradictory opinion. *See Elias v. Woods,* No. 10–03–00245–CV, 2004 WL 575391 (Tex.App.-Waco March 17, 2004, no pet. h.). Upon receiving the notice described in *Harrison,* and the same notice sent to the parties in this appeal, Elias moved the court to sever the unadjudicated claim from those that were dismissed. Elias wanted to continue the appeal as to what he believed was the erroneous dismissal of claims.

In response to Elias's motion to sever, this Court stated:

This is not an interlocutory appeal authorized by statute. Accordingly, the

jurisdiction of this Court cannot be properly invoked until a final, appealable judgment has been *signed by the trial court.* Only the trial court can sign a severance order to make the dismissal order in Elias's case an appealable judgment.

The trial court has not signed a severance order. Accordingly, the appeal is dismissed for want of jurisdiction.

*Id.* 134 S.W.3d at 494 (citations omitted)(emphasis in original).

I cannot provide an explanation why we refuse to follow the same analysis here as we did in *Elias*.

There is one aspect in which this case is different from *Elias*. And as I discussed in *Harrison*, we should apply the analysis used by the Corpus Christi Court of Appeals in *Parks* to determine whether to abate or dismiss appeals in which we have determined we have no jurisdiction. *Parks v. DeWitt County Elec. Co-op., Inc.*, 112 S.W.3d 157, 163–164 (Tex.App.-Corpus Christi 2003, no pet.). When that analysis is used on *Elias,* dismissal is the proper result. If that analysis is applied to this case, abatement to *allow* a final judgment is the proper result.

In this case, we should use *Iacono* as a model because it properly deals with the lack of jurisdiction, the allocation of costs to obtain a final appealable judgment, and the result in the event a final appealable judgment is not rendered by the time specified. *See Iacono v. Lyons,* 6 S.W.3d 715 (Tex.App.-Houston [1st Dist.] 1999, order).

Alternatively, an outright dismissal of this appeal would be an equally acceptable procedure. Because the court takes neither of these actions, I respectfully dissent.