Andrew **DAVIDOFF**, Appellant,

v.

**GX TECHNOLOGY CORPORATION,**
Appellee.

No. 10–03–00147–CV.

Court of Appeals of Texas,
Waco.

April 7, 2004.

Gregg M. Rosenberg, Houston, for appellant.

C. Ed Harrell, Hughes, Watters & Askanase, L.L.P., Houston, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

Andrew Davidoff filed suit against GX Technology Corporation for breach of contract and wrongful termination and seeking declaratory relief. GX answered Davidoff's suit and raised several counterclaims. The trial court granted GX's motion for summary judgment on all Davidoff's claims other than the declaratory judgment claim and dismissed that claim. Davidoff filed a motion for reconsideration, noting that his declaratory judgment claim could not be properly adjudicated at that juncture because it was not addressed in GX's summary judgment motion.

GX filed a notice of nonsuit, dropping its counterclaims against Davidoff. After that, the trial court signed an "Order Denying Plaintiff's Motion for Reconsideration." In this order the trial court reiterated its dismissal of Davidoff's claim for declaratory relief but did not address the nonsuited counterclaims. In Davidoff's notice of appeal, he references an order from the trial court entitled a "Final Order of Nonsuit." We find no such order in the record, and the trial court clerk could not find such an order.

"Appellate timetables do not run from the date a nonsuit is filed, but rather from the date the trial court signs an order of dismissal." *In re Bennett,* 960 S.W.2d 35, 38 (Tex.1997) (orig. proceeding); *U.S. Fire Ins. Co. v. Gnade,* No. 10–03–00289–CV, 134 S.W.3d 511, 512, 2004 WL 691707, at *1, 2003 Tex.App. LEXIS 3037, at *2 (Tex.App.-Waco Mar. 31, 2004, order). Because the trial court has not signed an order dismissing GX's non-suited counterclaims, the record does not contain a final, appealable judgment. *Id.*

It appears that the trial court intended to render a final judgment in this case. However, the record does not contain a final judgment. Because there is no final judgment, Davidoff's notice of appeal is premature. *See* TEX.R.APP. P. 27. Accordingly, we abate this cause to the trial court for further consideration of this matter. *See U.S. Fire Ins. Co.,* No. 10–03–00289–CV, 134 S.W.3d at 512–13, 2004 WL 691707, at *1, 2003 Tex.App. LEXIS 3037, at *3. If the court intended to render a final judgment, then it should enter an appropriate order to effectuate its intent.

The trial court shall, within thirty days after the date of this Order: (1) conduct a hearing if necessary; (2) make appropriate orders and findings of fact and conclusions of law; and (3) deliver any orders and findings of fact and conclusions of law to the trial court clerk.

The trial court clerk shall: (1) prepare a supplemental clerk's record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerk's record with the Clerk of this Court within forty-five days after the date of this Order.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

I do not think I have overstated the frequency with which we will be plagued with this problem. *Harrison v. TDCJ–ID*, No. 10–02–00247–CV, 134 S.W.3d 490, 492–99, 2004 WL 585415, *2–10, 2004 Tex.App. Lexis 2719, *4–25 (Tex.App.-Waco March 24, 2004, order) (Gray, C.J., dissenting); *United States Fire Ins. Co. v. Gnade,* No. 10–03–00289–CV & 10–04–00075–CV, 134 S.W.3d 511, 513–14, 2004 WL 691707, *2–3, 2004 Tex.App. Lexis 3037, *4–7 (Tex.App.-Waco March 31, 2004, order) (Gray, C.J., dissenting). Nor do I believe I have overstated the uncertainty and confusion we have unnecessarily created. *Id.* Nor do I believe that I have overstated the cost that could be avoided. *Id.*

For the reasons expressed in *Harrison* and *United States Fire Ins. Co.,* I respectfully dissent.