IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00051-CV

 

Shirley Ann Charles,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court # C0T-03-35093

 



DISSENTING Opinion










 

I agree with virtually nothing in
the Court’s determinative analysis other than the conclusion there were
multiple grounds upon which the case could have been dismissed.

The use of non-chapter 14 dismissal
cases in the discussion of allowing amendments and refiling is particularly irrelevant
and inappropriate.  If the only basis
upon which the trial court could have disposed of this case was by a detailed
review of the pleadings, as the majority has done, maybe a change in the
standard of review to de novo would be appropriate.  But when, as here, the pleadings
affirmatively show the plaintiff failed to meet the statute of limitations and
that ground would support a dismissal with prejudice, we should render the
judgment the trial court should have rendered, dismissal with prejudice.  Otherwise, we frustrate the purpose for which
Chapter 14 was adopted.  For this reason
I dissent from the Court’s reformation of the trial court’s judgment[1]
to be a dismissal without prejudice.

 

                                                       TOM
GRAY

                                                       Chief
Justice

 

Dissenting Opinion delivered and filed February 23,
 2005

 











[1]
The Court has shown a propensity to abate an appeal if we cannot tell what the
trial court has done.  See American
Home Products v. Clark, 3 S.W.3d 57 (Tex. App.—Waco 1999,
order); Harrison v. TDCJ-ID, 134
S.W.3d 490 (Tex. App. – Waco 2004, order). 
See also Davidoff v. GX Tech.
Corp., 134 S.W.3d 514 (Tex. App.—Waco 2004, order); U.S. Fire Ins. Co.’s v. Gnade, 134 S.W.3d 511 (Tex. App. – Waco 2004, order).  I note here, in apparent fear, the trial
court might actually render a judgment contrary to what they want to render,
the majority makes the decision for the trial court rather than abate as they
have done in the past.