**Order entered November 4, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01103-CV

### NEIL NOBLE, Appellant

### V.

### CITY OF DALLAS, Appellee

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-02526-D**

## ORDER

This is an appeal from the trial court's "decision . . . that filing a Motion to Dismiss under Texas Rule of Civil Procedure 162 automatically constitutes a non-suit that closes the court's jurisdiction." We issue this abatement order after determining, from a review of the record, that no final judgment exists.

Subject to certain limited exceptions not applicable here, we have jurisdiction only over final judgments or orders, that is, judgments or orders that dispose of all parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The record here reflects appellant filed a motion to dismiss his suit without prejudice on May 3, 2013. *See* TEX. R. CIV. P. 162. Because the record contained no order on appellant's motion, we requested a supplemental clerk's record containing such order. The supplemental clerk's record that was filed did not

contain an order of dismissal, and the trial court's docket sheet does not reflect a dismissal order was signed. Instead, the record contains the trial court's September 25, 2013 "Order to Close Case." That order acknowledges appellant's May 3rd voluntary dismissal, notes "[t]here was never a re-opening of [the] case within thirty days of [the] voluntary dismissal," and directs the clerk to close the case. However, while a party has an absolute right to nonsuit or dismiss its claims and the filing of a notice of nonsuit or motion to dismiss immediately renders the merits of the case moot, *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010), an order dismissing the claims is necessary to effectuate, for appellate purposes, a final disposition of the claims. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995) (noting that summary judgment that disposed of three of four defendants and was signed after plaintiff had filed notice nonsuiting fourth defendant was not final and appealable because trial court had not signed written order dismissing fourth defendant).

Although we could dismiss the appeal for lack of jurisdiction, we conclude the proper way to proceed in this appeal is to abate it for forty-five (45) days to permit the trial court to sign an order dismissing the suit and allow the trial court clerk time to file a supplemental record containing the dismissal order. *See* TEX. R. APP. P. 27.2; *U.S. Fire Ins. Co. v. Gnade*, 134 S.W.3d 511, 512-13 (Tex. App.—Waco 2004, order) (per curiam). The dismissal order shall be signed no later than December 9, 2013 and the supplemental record filed by December 19, 2013.

We **ABATE** the appeal and **REMAND** the cause to the trial court so it may comply with this order. *See* TEX. R. APP. P. 27.2. The appeal shall be reinstated when the supplemental record is received or within forty-five days, whichever is earlier.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE