COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Alice Marie Gandy, et al. v. Robert Williamson, Estate of Jimmy Glenn Williamson, Deceased, Jimmy Williamson, P.C., Williamson & Rusnak, Cyndi Rusnak, and Cyndi Rusnak, PLLC

Appellate case number:   01-19-00335-CV

Trial court case number: 459,062-401

Trial court:             Probate Court No. 2 of Harris County

Appellants have filed a notice of appeal of interlocutory orders "made final and appealable by [appellants'] notice of nonsuit as to their remaining . . . claims." However, the clerk's record filed in this Court does not include an order of nonsuit. "[W]hen a nonsuit is filed after a partial judgment has been signed, the judgment does not become final until the trial court signs either an order granting the nonsuit or a final judgment explicitly memorializing the nonsuit." *Iacono v. Lyons*, 6 S.W.3d 715, 716 (Tex. App.— Houston [1st Dist.] 1999, order); *see Curtis v. Baker*, No. 14-17-00859-CV, 2018 WL 6684263, at *3 (Tex. App.—Houston [14th Dist.] Dec. 20, 2018, no pet.) (mem. op.) (explaining notice of nonsuit did not make prior summary judgment order final when trial court had not signed order of nonsuit). Because the trial court has not signed an order granting appellants' nonsuit or otherwise disposing of appellants' remaining claims, it appears that the trial court has not rendered a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). This Court generally has jurisdiction only over appeals from final judgments unless a statute authorizes an appeal of an interlocutory order. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011).

Accordingly, we abate the appeal and remand the case to the trial court to allow appellants to obtain a final judgment disposing of all remaining claims. *See* TEX. R. APP. P. 27.2; *Davidoff v. GX Tech. Corp.*, 134 S.W.3d 514, 515 (Tex. App.—Waco 2004, order); *Iacono*, 6 S.W.3d at 716. Appellants are directed to have the trial court clerk prepare and file a supplemental clerk's containing any order of nonsuit or any final

judgment, or advise the Court of the status of the trial court proceedings **no later than 30 days from the date of this order**. *See* TEX. R. APP. P. 34.5(c);

Appellants' Motion to Re-Designate Appeal as Not Accelerated is **dismissed as moot.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket.

It is so ORDERED.


Judge's signature: /s/ Julie Countiss_____
                 ☑ Acting individually      ☐ Acting for the Court

Date: __June 11, 2019___