Opinion issued September 28, 2023



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00018-CV

————————————

**D & R USA ENTERPRISE, INC., SAHERISH BUSINESS, INC., D/B/A TEXAS FOOD MART; AND SAMODA, INC., D/B/A AMIGO FOOD MART, Appellants**

**V.**

**SCF RC FUNDING IV, LLC; ESSENTIAL PROPERTIES REALTY TRUST, LLC, A/K/A SCF REALTY GROUP, LLC; MOUNTAIN EXPRESS OIL COMPANY; AND TRUJO WADUD, INDIVIDUALLY, Appellees**

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-47779**

## MEMORANDUM OPINION

This appeal arises from a dispute over title, ownership, and the right to possession to real property between Appellants D&R USA Enterprise, Inc., Saherish

Business, Inc. d/b/a Texas Food Mart, and Samoda, Inc. d/b/a Amigo Food Mart and Appellees SCF RC Funding IV, LLC, Essential Properties Realty Trust, LLC a/k/a SCF Realty Group, LLC, Mountain Express Oil Company, and Trujo Wadud. Appellants sued Appellees for civil conspiracy, fraud, tortious interference, trespass to try title, and declaratory judgment.

Appellants requested temporary injunctive relief, which the trial court granted. The trial court issued a temporary restraining order and later a temporary injunction against Appellees, also ordering Appellants to post a bond. On December 17, 2021, the trial court signed an order dissolving the temporary injunction, and later, on December 22, 2021, it signed five separate orders granting summary judgment in favor of Appellees on Appellants' claims. On January 18, 2022, Appellants filed a notice of appeal challenging the trial court's order dissolving the temporary injunction and the five summary judgment orders signed by the trial court. They also filed an emergency motion requesting we stay the proceedings in the trial court pending their appeal. This Court granted the motion, issuing an order staying the proceedings in the trial court pending adjudication of the present appeal.

Prior to Appellants' filing their notice of appeal and this Court's issued stay, Appellees Essential Properties Realty Trust, LLC and SCF RC Funding IV, LLC set a hearing on their application for release of the temporary injunction bond for

2

January 19, 2022. The trial court signed an order on January 19, 2022, granting the application for release of the bond.

On appeal, Appellants argue the (1) trial court's January 19, 2022 order granting Essential Properties Realty Trust, LLC's and SCF RC Funding IV, LLC's motion for release of the temporary injunction bond was an abuse of discretion because it violated this Court's stay, and (2) the trial court's December 22, 2021 orders granting summary judgment are void because they were signed after a final, appealable judgment of dismissal for lack of prosecution had been rendered in this case.

We dismiss the appeal for lack of jurisdiction.

## Background

Appellants D&R USA Enterprise, Inc. ("D&R"), Saherish Business, Inc. d/b/a Texas Food Mart ("Saherish"), and Samoda, Inc. d/b/a Amigo Food Mart ("Samoda") filed suit against Appellees SCF RC Funding IV, LLC ("SCF"), Essential Properties Realty Trust, LLC a/k/a SCF Realty Group, LLC ("Essential"), Mountain Express Oil Company ("Mountain Express"), and Trujo Wadud ("Wadud") for civil conspiracy, fraud, and tortious interference. D&R also asserted claims against Appellees for trespass to try title and declaratory judgment.

Appellants also sought injunctive relief against Appellees, which the trial court granted. On August 5, 2021 and September 2, 2021, the trial court entered

3

orders granting temporary restraining orders against Appellees, each time ordering Appellants to post a $10,000 bond. Later, on September 16, 2021, the court issued a temporary injunction against Appellees, ordering Appellants to post a $62,000 bond. The bonds, totaling $82,000, were deposited into the registry of the court.

In November 2021, Appellees separately moved for partial summary judgment on Appellants' claims. Mountain Express and Wadud filed a no-evidence motion for partial summary judgment on Appellants' claims for civil conspiracy, fraud, and tortious interference, and D&R's claim for trespass to try title. Essential filed a no-evidence motion for partial summary judgment on D&R's claims for civil conspiracy, fraud, tortious interference, and trespass to try title. Essential also filed no-evidence summary judgment motions on Samoda's and Saherish's civil conspiracy, fraud, and tortious interference claims. And SCF filed a traditional and no-evidence motion for partial summary judgment on D&R's claims for trespass to try title and declaratory judgment.

On December 10, 2021, Appellants' trial counsel, Sanjay Chadha, filed a motion to withdraw, stating Appellants had terminated his services effective December 9, 2021. On December 11, 2021, Essential and SCF filed a Motion to Dissolve the temporary injunction issued by the trial court on September 16, 2021.

**A.    December 13, 2021 Hearing**

The trial court set a hearing for 10:30 a.m. on December 13, 2021. Appellants failed to appear. Appellants' counsel, who had filed his motion to withdraw the prior Friday, appeared at the hearing. He informed the trial court of his filed motion to withdraw, and explained he could no longer represent the Appellants because they had terminated his services. The trial court announced its intention to dismiss Appellants' claims for want of prosecution and on its own motion, set a hearing on the matter for December 17, 2021. The trial court also set Essential's and SCF's Motion to Dissolve the temporary injunction for the same day.

**B.    December 17, 2021 Hearing**

Appellants failed to appear at the December 17, 2021 hearing. At the beginning of the hearing, the trial court observed that Appellants were not present and stated:

> This Court is dissolving the [temporary injunction] in this matter. And this Court will dismiss D&R's case. They sought 30 days to get counsel. They can file a motion to reinstate within those 30 days.
>
> Since they're not here—they were ordered to be here twice now. No one has shown up. They obviously are not wanting to prosecute this case and based on this Court's motion as of last week, this Court said it would set this on the DWOP docket for today, they're not here. The case will be dismissed for want of prosecution.

5

The trial court asked Essential's and SCF's counsel, Mr. Fettner,[1] whether he had filed "a DWOP order," and Mr. Fettner replied he had filed an order dissolving the temporary injunction, but not an order dismissing Appellants' claims for want of prosecution. The trial court stated it had already signed the order dissolving the temporary injunction.

When Mr. Fettner offered to draft a DWOP order, the trial court informed him it was not necessary because the trial court had DWOP forms it would use instead. The trial court asked the trial coordinator for a form order dismissing the case in its entirety. The trial court then asked Appellees' counsel if they had pending counterclaims, to which they responded:

Mr. Fettner: Your Honor, we do and Wadud does and so does Mountain Express but all of our counterclaims are simply frivolous pleading type counterclaims.

The Court: Well, it's up to you. Do you want to—do y'all want to drop those counterclaims or do y'all want to proceed with them? Because if I DWOP the case and you still have your counterclaims pending then, I mean, the case isn't dismissed.

Mr. Fettner: SCF and Essential will go ahead and nonsuits as well, Your Honor.

The Court: And do we have any counterclaim claims or cross claims from—is it Mount Global?

---

[1] SCF is represented by two separate attorneys. Mr. Roten represents SCF on title claims, and Mr. Fettner, who also represents Essential, represents SCF on all other issues.

6

Mr. Fettner: Mountain Express and Wadud have claims. Ms. Munoz, her client has counterclaims also, basically Rule 10 civil practice and remedies code 10 and I think maybe 13 as well, counterclaims.

Ms. Munoz: I would like to discuss with my client before I agree to nonsuit our counterclaims, Your Honor.

The Court: Okay. So it's not a final, Donnie. Just please dismiss all —all [Appellants'] affirmative claims.

Mr. Roten: Your Honor, Chris Roten for SCF. I would just like to join with Mr. Fettner. SCF will nonsuit their title claims as well.

The Court: Okay, great. I'm trying to make sure I sign all the right— so you've got two different motions Mr. Chadha. You've got two different orders, one as to D&R and one as to Samoda?

Mr. Chadha: There are three of them, Your Honor. One for [Appellant] D&R, one for [Appellant] Samoda and one for [Appellant] Saherish.

Mr. Fettner: Although, Your Honor, if the case is being DWOP'ed I guess it's —

The Court: Well, I'm going to end up signing that after I sign [the orders granting the motion to withdraw as Appellants' counsel], so. The last time we had an in-person hearing was the 10th; is that right? Sorry.

Mr. Fettner: It was Monday the 13th.

Mr. Chadha: I believe, it was Monday, Your Honor. I believe it was the 13th.

        . . .

7

Ms. Munoz: Your Honor, Counsel for defendant, Mountain Express and Turjo Wadud, they are also going to nonsuit their counterclaims as well.

The Court: Thank you, ma'am. So Donnie if you'll give me a final.

Trial Coordinator: Yes, sir.

The Court: So on your order—I'm signing all your orders. Every ordered will be interlineated with plaintiff was ordered to appear in court on December 13th and then again on December 17th. Plaintiff failed to appear—to either time—actually, both times, real party plaintiff failed to appear both times. On December 13th this Court on its own motion set this matter for DWOP on plaintiff's claims pending the appearance of the real parties on December 17th, 2021. No real parties appeared on behalf of plaintiffs. So that's in your dismissal and then there will be the follow up DWOP order. That way, that way everyone knows what transpired and they can also order the record if they'd like.

On December 17, 2021, the trial court signed orders granting Appellants' counsel's motions to withdraw as to each of the Appellants. The trial court also signed an order granting SCF's and Essential's motion to dissolve the temporary injunction. The same day, after the hearing, SCF filed a Motion for Applicant's Bond, asking it be granted the $82,000 bond previously posted by Appellants, and presently in the registry of the court.[2] SCF scheduled its motion for a hearing on January 19, 2022.

---

[2] SCF filed a Supplemental Motion for Application's Bond on December 28, 2021.

8

On December 22, 2021, the trial court signed orders granting Appellees' motions for summary judgment on Appellants' claims.

## C.      January 19, 2022 hearing

On January 18, 2022, Appellants' new counsel filed a notice of appeal in the trial court seeking to appeal the trial court's December 17, 2021 order dissolving the temporary injunction and December 22, 2021 orders granting partial summary judgment in favor of Appellees on some of Appellants' claims.

On January 19, 2022, Appellants' notice of appeal was filed with the Clerk of this Court. At 10:40 a.m. that same day, Appellants filed in this Court an "Emergency Motion Requesting Stay of Proceedings In Trial Court Pending Appeal." At 12:18 p.m., Appellants, who did not file a motion to stay in the trial court, filed a letter with the District Clerk's Office informing the trial court they had filed a notice of appeal and an emergency motion for stay in this Court, asking the trial court not to proceed with the previously scheduled 1:30 p.m. hearing on SCF's Motion for Application's Bond.

At 1:30 p.m., the trial court proceeded with the hearing as scheduled. Appellants' counsel did not appear for the hearing. When the hearing began, the trial court and Mr. Fettner, SCF's and Essential's counsel had the following exchange:

> The Court:    . . . So I don't know if you saw the correspondence that was sent to the Court this morning.

9

Mr. Fettner: I did see that [Appellants' new counsel] filed an appeal.

The Court: What's he appealing? Is anything final in this case?

Mr. Fettner: Well, I think that his argument, Judge, is that when we had our hearing on the 17th you made some rulings and at that time you asked—you said, We will dismiss these cases, and then I said, I will dismiss my counterclaims. I never did and the Court never signed anything or said anything more than we will dismiss or I will dismiss, and—but he's interpreting those remarks as being actual dismissals and so he's saying everything has been dismissed and therefore the case is final.

The Court: Okay. Well, that's fine. I signed a bunch of summary judgments on the 22nd. And I don't mind—I just wanted to know if the case was indeed final or not. Every summary judgment I signed on the 22nd is marked interlocutory so that's the cause of my confusion and I hope you can appreciate as much as I enjoy the D&R case, it's not the only case that I'm working on.

Mr. Fettner: I certainly do.

The Court: So I don't—it doesn't matter to me that he appeals it, I just—you know not showing up today. And I don't even know and he's did he file an emergency motion to stay in this court? No, he filed it in the appellate court. So I haven't seen a stay from the appellate court, have you?

Mr. Fettner: I have not.

The Court: Okay. And he's been invited to participate today; is that correct?

Mr. Fettner: Well, I didn't notice him, Your Honor, because he's not in the case. I sent notice to the three defendants whose attorney withdrew but he obviously knows about it because he discusses this and asks for the emergency stay of the court of appeals. So he certainly knows we're having this hearing today.

10

The Court: Yeah. I mean, that's my understanding as well. He sent a letter to us knowing that we had a hearing today so he definitely had notice. And all we're doing today is to—you're trying to get the D&R's bond as—on a wrongful TI; is that right?

Mr. Fettner: Yes, Your Honor.

After hearing Mr. Fettner's arguments on behalf of Essential and SCF, the trial court indicated that it would grant the Motion for Applicant's Bond, stating:

The Court: Okay. I don't see an order in in the file on your—is there an order? Hold on.

Counsel: I think there is.

The Court: I see it here. It was filed on the 17th. Okay. Sounds good. Thank you, [counsel].

The trial court signed an Order Granting Payment of Applicant's Bond to SCF and Essential the same day. At 4:07 p.m. on January 19, 2021, this Court granted Appellants' emergency motion and issued an order staying all trial proceedings during the pendency of the present appeal. The $82,000 registry bond posted by Appellant and deposited into the registry of the district court has not been released.

## Jurisdiction

On appeal, Appellants argue the trial court's January 19, 2022 Order Granting Payment of Applicant's Bond to SCF is an abuse of discretion because it violated this Court's stay. They further argue the trial court's December 22, 2021 orders granting summary judgment in favor of Appellees are void because the trial court rendered judgment dismissing Appellants' claims for want of prosecution during the

11

December 17, 2021 hearing, and the trial court's judgment became final when Appellees' announced at the same hearing they were nonsuiting their counterclaims. Thus, Appellants argue, the court was without jurisdiction to issue its summary judgment orders.

Appellees filed a motion to dismiss Appellants' appeal for want of jurisdiction because (1) Appellants' notice of appeal of the December 17, 2021 order dissolving the temporary injunction was untimely, and (2) there is not a final, appealable judgment in this case, thus the trial court's December 22, 2021 orders granting summary judgment are interlocutory, and Appellants do not have a right to bring an interlocutory appeal challenging such orders. In their response to the motion to dismiss, Appellants argue (1) the trial court rendered a final, appealable judgment during the September 17, 2021 hearing because Appellees nonsuited their claims and the trial court dismissed Appellants' claims for want of prosecution, and (2) while the December 22, 2021 orders granting summary judgment are void, they are also final appealable judgments because "every order entered after [the trial court rendered judgment on September 17, 2021] was a void but final order by definition as all claims by all parties were disposed." Appellants did not address Appellees' argument that their notice of appeal of the December 17, 2021 order dissolving the temporary injunction was untimely.

## A. Standard of Review and Applicable Law

Generally, appellate courts only have jurisdiction over appeals from final judgments and certain interlocutory orders that are made appealable by statute. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014 (authorizing appeals from certain interlocutory orders). A judgment issued without a conventional trial is final for appeal only if it (1) actually disposes of all claims and parties before the court, regardless of its language, or (2) states with "unmistakable clarity" that it is a final judgment as to all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001); *see Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023). Whether a court has jurisdiction is a question of law, which we review de novo. *Bonsmara Nat. Beef Co.*, 603 S.W.3d at 390.

Under Texas Rule of Civil Procedure 162, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." TEX. R. CIV. P. 162; *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006). To take a nonsuit, a plaintiff can either file a written motion to dismiss its claims or make an "oral motion" in open court. *Blackmon*, 195 S.W.3d at 100. The nonsuit terminates the party's claims from the moment the

motion is filed or made in open court. *Id.*; *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) ("It renders the merits of the nonsuited case moot."). The trial court's order dismissing the nonsuited claims is ministerial in nature because generally trial courts do not have discretion to refuse to dismiss a party's nonsuited claims. *Blackmon*, 195 S.W.3d at 100.

## B. Existence of a Final Judgment

Appellants argue the trial court's December 22, 2021 orders granting summary judgment in favor of Appellees are void because the trial court rendered judgment dismissing Appellants' claims for want of prosecution during the December 17, 2021 hearing and that judgment became final when Appellees announced at the hearing that they were nonsuiting their counterclaims.[3]

Appellees argue there is no final judgment in this case because although they nonsuited their counterclaims during the December 17, 2021 hearing, there is no order dismissing their counterclaims. Appellees argue there is also no final judgment in this case because the trial court did not clearly indicate a present intent to dismiss Appellants' claims for want of prosecution during the December 17, 2021 hearing. *See S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995) (holding to constitute oral rendition of judgment, trial court must clearly indicate its present

---

[3] Although not dispositive of the issue, we note Appellants' argument on appeal is contrary to its assertion in the docketing statement filed in this appeal that no final judgment has been rendered in this case.

14

intent to render final and complete judgment when words are expressed). According to Appellees, the record reflects the trial court only expressed its intention to dismiss Appellants' claims for want of prosecution in the future. *See id.* (holding trial court's expression of intent to render judgment in future does not constitute present rendition of judgment); *see also James v. Hubbard*, 21 S.W.3d 558, 561 (Tex. App.—San Antonio 2000, no pet.) (holding trial court's statement "I am going to grant the divorce in this case," standing alone, does not indicate present rendition of judgment); *In re M.G.F.*, No. 2-07-241-CV, 2008 WL 4052992, at *3 (Tex. App.—Fort Worth Aug. 28, 2008, no pet.) (mem. op.). ("The trial court's use of the words 'will approve' and 'will sign' indicate an intent to render judgment in the future.").

Assuming without deciding that the trial court rendered judgment during the December 17, 2021 hearing dismissing Appellants' claims for want of prosecution, the judgment is not final for purposes of appeal unless it also disposed of Appellees' counterclaims. *See Lehmann*, 39 S.W.3d at 192 (stating judgment issued without conventional trial is final for purposes of appeal if it actually disposes of all claims and parties). Appellants argue that Appellees' counsels' oral pronouncements during the December 17, 2021 hearing that Appellees were going to nonsuit their counterclaims extinguished the counterclaims at that moment and they suggest that no further action on the counterclaims was required by the trial court in order for the trial court's dismissal of Appellants' claims for want of prosecution to constitute a

final judgment. *See Blackmon*, 195 S.W.3d at 100 (stating nonsuit extinguishes party's claims from moment motion is filed or made in open court and trial court's order dismissing claims is purely ministerial). Appellants do not address Appellees' argument that there is no final judgment in this case because, even if the trial court had dismissed Appellants' claims for want of prosecution during the hearing, Appellees' announcements of nonsuit did not render the trial court's judgment final because there is no signed order dismissing Appellees' counterclaims.

The opinion in *Davidoff v. GX Tech. Corporation*, 134 S.W.3d 514 (Tex. App.—Waco 2004, no pet.) is on point with respect to whether the trial court must dismiss nonsuited claims for there to be a final judgment. In *Davidoff*, Davidoff sued GX for breach of contract, wrongful termination, and declaratory relief and GX asserted several counterclaims against Davidoff. *Id.* at 515. After the trial court granted GX's motion for summary judgment on Davidoff's claims for breach of contract and wrongful termination and dismissed Davidoff's declaratory judgment claim, Davidoff filed a motion for reconsideration. *Id.* While Davidoff's motion for reconsideration was pending, GX filed a notice of nonsuit with respect to its counterclaims against Davidoff. *Id.* After GX gave notice of its nonsuit, the trial court signed an order denying Davidoff's motion for reconsideration. The order, however, "did not address the nonsuited counterclaims" and the record did not contain a separate order dismissing GX's counterclaims. *Id.* The court of appeals

16

held there was no "final, appealable judgment" in that case "[b]ecause the trial court has not signed an order dismissing GX's non-suited counterclaims." *Id.* Thus, a nonsuit, standing alone, is insufficient to dispose of claims for purposes of appeal. *Id.* (holding no final appealable judgment in absence of signed order dismissing nonsuited counterclaims).

Although it is a purely ministerial act, an order dismissing nonsuited claims is necessary to dispose of such claims for purposes of rendering a final, *appealable* judgment. *See id.*; *see also Lehmann*, 39 S.W.3d at 192 (stating judgment issued without conventional trial is final for purposes of appeal if it actually disposes of all claims and parties). It is undisputed that, as in *Davidoff*, the trial court did not sign an order dismissing Appellees' counterclaims. Because the trial court has not signed an order officially dismissing Appellees' counterclaims, there is no final, appealable judgment in this case. *See Davidoff*, 134 S.W.3d at 515 (holding no final appealable judgment in absence of signed order dismissing nonsuited counterclaims); *see also Lehmann*, 39 S.W.3d at 192 (stating judgment issued without conventional trial is final for purposes of appeal if it actually disposes of all claims and parties).

## C.    Interlocutory Appeals

Because there is no final judgment in this case, the December 17, 2021 order dissolving the temporary injunction, the December 22, 2021 orders granting summary judgment, and the January 19, 2022 order awarding Appellants' injunction

bond to Essential and SCF are interlocutory orders.[4] We have jurisdiction over the appeal of an interlocutory order only if the appeal is authorized by statute. *See Bonsmara Nat. Beef Co.*, 603 S.W.3d at 390.

We do not have jurisdiction to entertain the merits of Appellants' appeals of the trial court's December 22, 2021 orders granting partial summary judgment or the January 19, 2022 order awarding the injunction bond to SCF because we have not found, and the parties have not directed us to, a statute authorizing immediate appeal of such interlocutory orders. *See Lewis v. Select Med. Corp.*, No. 05-17-00298-CV, 2014 WL 12722632, at *1 (Tex. App.—Dallas Aug. 4, 2014, no pet.) (mem. op.) ("There is no statutory authority allowing an appeal of an interlocutory order granting partial summary judgment."); *see generally Young v. Villegas*, 231 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (holding court has no jurisdiction to entertain interlocutory appeal of allegedly void order unless authorized by statute).

The trial court's December 17, 2021 order dissolving the temporary injunction, however, is an immediately appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4) (authorizing appeals from interlocutory

---

[4] Although Appellants stated in their notice of appeal that they were appealing the trial court's December 17, 2021 order dissolving the temporary injunction, Appellants do not present any arguments on appeal challenging the order. Rather, Appellants argue the trial court's January 19, 2022 order awarding Appellants' injunction bond to SCF is erroneous because it violated this Court's stay.

18

order that "grants or overrules a motion to dissolve a temporary injunction"). "The interlocutory appeal of an order [granting] a motion to dissolve a temporary injunction is an accelerated appeal, and accordingly, the notice of appeal must be filed within 20 days of the date of the order [granting] the motion." *Conlin v. Haun*, 419 S.W.3d 682, 685 (Tex. App.—Houston [1st Dist.] 2013); TEX. R. APP. P. 26.1(b) (stating that "in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed"); TEX. R. APP. P. 28.1(b) (stating that accelerated appeal is perfected by filing notice of appeal within time allowed by Rule 26.1(b)). Absent a timely filed notice of appeal, we must dismiss the appeal for lack of jurisdiction. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) (holding that untimely notice of appeal failed to invoke jurisdiction of appellate court).

The trial court signed the order dissolving the temporary injunction on December 17, 2021. Appellants' notice of appeal was thus due twenty days later, on January 6, 2022. *See Conlin*, 419 S.W.3d at 685; TEX. R. APP. P. 26.1(b). Appellants did not file their notice of appeal in the trial court until January 18, 2022. Thus, although the trial court's December 17, 2021 order is immediately appealable, we do not have jurisdiction to entertain the merits of Appellants' appeal of this order because Appellants' notice of appeal was untimely. *In re K.A.F.*, 160 S.W.3d at 927 (holding untimely notice of appeal deprives appellate court of jurisdiction).

19

## Conclusion

Because there is no final, appealable judgment or timely appealable interlocutory order in this case, we grant Appellees' motion to dismiss, dismiss Appellants' appeal for lack of jurisdiction, and lift the January 19, 2022 stay. Any pending motions are denied as moot.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.